IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL MCCARLEY,                             3:11-CV-00441-BR

       Plaintiff,                          OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

       Defendant.


STEVEN J. MUNSON
H. Peter Evans PC
610 S.W. Broadway
Suite 405
Portland, OR 97204
(503) 200-2718

       Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2114

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on Plaintiff's Response (#22) to Order to Show Cause.  For the following reasons, the Court finds Plaintiff has not shown good cause for the Court to set aside its August 6, 2014, Opinion and Order (#21) denying Plaintiff's Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b).  Accordingly, the Court **ADHERES** to its August 6, 2014, Opinion and Order.

## BACKGROUND

      On April 4, 2011, Plaintiff filed a Complaint in which he sought judicial review of a final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

      On June 26, 2012, this Court issued an Opinion and Order reversing the Commissioner's decision and remanding the matter for the calculation and award of benefits pursuant to sentence

2 - OPINION AND ORDER

four of 42 U.S.C. § 405(g).

On September 2, 2012, the Social Security Administration (SSA) sent Plaintiff a Notice of Award.

On May 29, 2014, Plaintiff filed a Motion for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) in which he seeks $7,164 in attorneys' fees for work performed in this matter before this Court.

On August 6, 2014, the Court issued an Opinion and Order in which it denied Plaintiff's Motion as untimely and granted Plaintiff leave to show good cause for his failure to timely request attorneys' fees.

## DISCUSSION

Local Rule 4000-8 provides in pertinent part:

> Plaintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after plaintiff's federal court attorney has received all of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable.  An application submitted beyond the 60-day period will be deemed timely only upon a showing of good cause for the delay.

As noted, the SSA issued a Notice of Award to Plaintiff on September 2, 2012.  Plaintiff did not file his Motion seeking attorneys' fees pursuant to § 406(b) until May 29, 2014. Accordingly, Plaintiff's Motion seeking attorneys' fees is untimely pursuant to Rule 4000-8.

3 - OPINION AND ORDER

In his Response to Order to Show Cause Plaintiff asserts he failed to file his Motion seeking attorneys' fees because the Social Security Administration (SSA) advised Plaintiff's counsel that he needed to register with the SSA

> in order to be eligible for direct payment of the amount [of attorneys' fees] that was being withheld in this case. . . . After a review of the undersigned's cases our office determined that, although we had been working with [SSA] to provide the necessary paperwork to receive payment, the undersigned had failed to file a petition with this court for the attorney fees in question.

Response at 2.

Plaintiff states in his Response that the SSA issued a Notice of Award to Plaintiff in September 2012. Accordingly, Local Rule 4000-8 required Plaintiff's counsel to seek § 406(b) fees no later than November 2012. Counsel's inability to finalize direct payment of the fee award with the SSA in no way prohibited counsel from seeking fees from this Court. As Defendant notes, counsel would have ultimately received a check for attorneys' fees from the SSA if he had timely requested attorneys' fees even though he was unable to finalize direct payment of attorneys' fees from the SSA.

Accordingly, on this record the Court concludes Plaintiff has not established good cause for failing to file a timely Motion with this Court.

4 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **ADHERES** to its August 6, 2014, Opinion and Order denying Plaintiff's Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b).

IT IS SO ORDERED.

DATED this 24th day of September, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER